## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

UNITED STATES

v.                                                         No. 3:21-cr-12-BJB

JEREMY COSBY

* * * * *

### MEMORANDUM OPINION AND ORDER

Jeremy Cosby pled guilty to unlawful possession of a firearm and received a sentence of 70 months' imprisonment followed by three years of supervised release. Criminal Judgment (DN 152).  He now seeks a court order directing the Bureau of Prisons to credit time toward his federal sentence that he previously spent in state custody.  Motion (DN 199) at 1.

Federal law dictates that a prison sentence "commences on the date that the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  The same statute provides that defendants "shall be given credit" toward their federal sentences for any time "spent in official detention prior to the date the sentence commences."  § 3585(b).

The Supreme Court has held that the Attorney General—not a federal court— is in charge of "computing the credit under § 3585(b)."  *See United States v. Wilson*, 503 U.S. 329, 334 (1992).  That authority is part of the Bureau of Prisons' broader "responsibility for administering" federal sentences.  *Id.* (citing 18 U.S.C. § 3621(a)). And federal regulations govern how the Bureau undertakes that responsibility, which also includes computing credits available for "good time" and under the First Step Act.  *See* 28 C.F.R. §§ 523.1–.44.  To the extent a prisoner disputes the Bureau's computations, he must avail himself of the Bureau's administrative remedy program.  *See* 28 C.F.R. § 542.10, *et seq.*  If a dispute remains after a prisoner exhausts those remedies, he may pursue relief by writ of habeas corpus.  *See Setser v. United States*, 566 U.S. 231, 244 (2012) (explaining the process).  Otherwise the law leaves no role for a district judge to play in calculating a defendant's time served following the court's imposition of the sentence.  *See, e.g.*, *United States v. Crozier,* 259 F.3d 503, 520 (6th Cir. 2001); *Miller v. Fed. Bureau of Prisons*, No. 1:13-cv-2633, 2014

1

WL 2722343, at *3 (N.D. Ohio June 16, 2014); *United States v. Montez-Gaviria*, 163 F.3d 697, 700–01 (2d Cir. 1998).

Because this Court lacks authority to issue the order the Defendant seeks, his motion (DN 199) fails.